Chief Judge Cooke
(concurring). Although I concur with the majority’s result in this case, I cannot agree that it was proper to permit the introduction of the pamphlets to impeach the witness.
In People v Sandoval (34 NY2d 371, 373), this court held that a defendant may be impeached by referring to his or her “prior specific criminal, vicious and immoral acts”. While this is stated in the disjunctive elsewhere in that opinion, it has generally been applied by admitting evidence of only criminal acts.
Under today’s decision, however, this situation will no longer obtain. The State is usurped of its power to define through the Penal Law what conduct evidences the improper placing of one’s own interest before that of society. Instead, a single Judge, according to his or her predilections, is to determine in the exercise of his or her discretion what acts are improper and thus may be raised for impeachment, regardless of whether they are criminal or vicious or immoral. Under this standard, the business owner or manager who is not meticulous in maintaining the account books and unintentionally writes a few checks with insufficient funds may be impeached by those acts. So, *275 too, would the individual who ventures onto city streets without a face mask while ill with influenza. The editors of our State’s large publishing houses should beware lest they become subject to impeachment by reason of publishing political works unsavory to some Trial Judge.*
In short, there is no justification for a noncriminal act that is not itself vicious or immoral to be admissible for impeachment purposes. In any event, even if noncriminal publication could be considered for impeachment purposes, neither the fact of publication nor the material published should be admitted unless each is relevant to the issue of credibility. At a minimum, there should be evidence showing that the witness has adopted the views stated. There was no such evidence here. The only evidence on the record that might attribute the pamphlets’ contents to the defendant was his admission that his advertising copywriter had praised the pamphlets’ contents. Under the majority’s reasoning, a publisher will be wise in the future to affirmatively express disagreement with the substance of his or her publications.
There being nothing immoral, vicious, or criminal here about the publication of the pamphlets nor any proof that defendant adopted the statements therein, they should not have been admitted for impeachment. In light of the overwhelming evidence of defendant’s guilt, however, the error should be considered harmless. I therefore concur in affirming the order of the Appellate Division.
Judges Jasen, Gabrielli and Meyer concur with Judge Jones; Chief Judge Cooke concurs in a separate opinion in which Judges Wachtler and Fuchsberg concur.
Order affirmed.

 There is no occasion here to discuss the First Amendment implications of the majority’s holding, inasmuch as defendant did not object on that ground.